IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Raymond Edward Chestnut, | ) | C/A No.: 1:12-259-RBH-SVH |
| --- | --- | --- |
| Plaintiff, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| R. Thompson; Darlene Drew, | ) | |
| Defendants. | ) | |

Plaintiff, proceeding pro se and in forma pauperis, brought this action alleging violations of his constitutional rights pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971). Defendants filed a motion to dismiss, or in the alternative, a motion for summary judgment on July 5, 2012. [Entry #30]. As Plaintiff is proceeding *pro se*, the court entered an order on July 12, 2012, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising him of the importance of a motion to dismiss and motion for summary judgment and of the need for him to file an adequate response. [Entry #31]. Plaintiff was specifically advised that if he failed to respond adequately, Defendants' motion may be granted, thereby ending this case.

I. Failure to Prosecute

Notwithstanding the specific warning and instructions set forth in the court's *Roseboro* order, Plaintiff failed to respond to the motion after an initial extension. [Entry #34]. The court issued a supplemental order indicating that it appeared to the court that

Plaintiff did not oppose the motion and wished to abandon this action. [Entry #36]. Further, the order warned that if Plaintiff failed to respond within two weeks of the order, this action would be recommended for dismissal with prejudice for failure to prosecute. *Id.* (citing *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b)). Plaintiff subsequently moved for and was granted two additional extensions. [Entry #39, #42]. In so granting the most recent extension, the undersigned noted that "Plaintiff's deadline for filing a response to Defendants' motion to dismiss/for summary judgment is now November 13, 2012. Plaintiff is advised that no further extensions will be granted, as this is Plaintiff's third extension of time to respond to the motion." [Entry #42]. Notwithstanding the court's specific warnings, Plaintiff has failed to respond to Defendants' motion to dismiss/for summary judgment. Based on the foregoing, the undersigned recommends this action be dismissed with prejudice for failure to prosecute. *See Davis,* 588 F.2d at 70; Fed. R. Civ. P. 41(b).

II.     Failure to Exhaust Administrative Remedies

Even if Plaintiff had demonstrated a desire to continue this action by responding to Defendants' motion, it appears this case should be dismissed based on Plaintiff's failure to exhaust his administrative remedies. The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (codified as amended at 42 U.S.C. § 1997e(a) (1996)), mandates, among other things, that federal prisoners exhaust their administrative remedies prior to filing civil actions. *See Jones v. Bock*, 549 U.S. 199, 211, (2007); *Booth*

2

*v. Churner*, 532 U.S. 731 (2001). Exhaustion is required for "[a]ll action[s]. . . brought with respect to prison conditions, whether under § 1983 or any other Federal law." *Porter v. Nussle*, 534 U.S. 516, 524 (2002) (internal quotations omitted). The PLRA's exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.*, 534 U.S. at 532. Exhaustion is a threshold requirement which must be satisfied in order for prisoner complaints to proceed. *See Jones*, 549 U.S. at 216; *Booth*, 532 U.S. at 741. Although PLRA exhaustion is not jurisdictional, failure to exhaust is an affirmative defense that can be pleaded by the defendants. *Jones*, 549 U.S. at 216. No unexhausted claims may be considered by the court; such claims must be dismissed. *Jones*, 549 U.S. at 211. The PLRA requires "proper" exhaustion, that is, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006).

The Bureau of Prisons has a three-tiered administrative grievance process. *See* 28 C.F.R. §§ 542.10 et seq. An inmate may complain about any aspect of his confinement by first seeking to informally resolve the complaint at the institution level. 28 C.F.R. § 542.13. If the matter cannot be resolved informally, the inmate may file a formal written complaint to the warden. 28 C.F.R. § 542.14. The matter will be investigated, and a written response provided to the inmate. *Id*. If dissatisfied with the response, the inmate may appeal to the Regional Director. 28 C.F.R. § 542.15(a). If dissatisfied with the

regional response, the inmate may appeal to the General Counsel. *Id.* Appeal to the General Counsel is the final level of agency review. 28 C.F.R. §542.15(a).

Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court. *Jones*, 549 U.S. at 204. It also has the potential to reduce the number of inmate suits and to improve the quality of suits that are filed by producing a useful administrative record. *Id.*; *Woodford*, 548 U.S. at 94–95. When a grievance is filed shortly after the event giving rise to the grievance, witnesses can be identified and questioned while memories are still fresh, and evidence can be gathered and preserved. *Woodford*, 548 U.S. at 95. This is the reason for the BOP requirement that inmates institute their grievances within 20 days of the date of incident giving rise to the complaint. *See* 28 C.F.R. § 542.14(a). As the Court explained:

> The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules. A prisoner who does not want to participate in the prison grievance system will have little incentive to comply with the system's procedural rules unless noncompliance carries a sanction, and under respondent's interpretation of the PLRA noncompliance carries no significant sanction. For example, a prisoner wishing to bypass available administrative remedies could simply file a late grievance without providing any reason for failing to file on time. If the prison then rejects the grievance as untimely, the prisoner could proceed directly to federal court. And acceptance of the late grievance would not thwart the prisoner's wish to bypass the administrative process; the prisoner could easily achieve this by violating other procedural rules until the prison administration has no alternative but to dismiss the

> grievance on procedural grounds. We are confident that the PLRA did not create such a toothless scheme.

*Woodford*, 548 U.S. at 95.

Here, although Plaintiff indicated on his complaint that he received a final agency answer on December 23, 2011, it does not appear he completed the three-tier administrative grievance process. On December 20, 2011, Plaintiff filed a "Sensitive BP-10" to the Southeast Regional Office, claiming razors were found in his breakfast on December 13, 2011 and in his lunch on December 14, 2011. [Entry #30-1 at 9]. The grievance claim was rejected because it was not considered to be sensitive. *Id*. at 11. Plaintiff was informed he needed to resubmit his grievance at the institutional level, but failed to do so. *Id*. at 2.

In January 2012, Plaintiff attempted informal resolution of a grievance in which he alleged defendant Thompson has continued to show a grudge against him for previous allegations. [Entry #30-1 at 13–14]. Staff informed Plaintiff that his allegations of misconduct would be reviewed for appropriate disposition in accordance with policy. *Id*. On March 7, 2012, Plaintiff filed a BP-9 at the institution level requesting defendant Thompson be kept away from him or have no contact with him. *Id*. at 15–16. Plaintiff was informed his allegation would be reviewed for appropriate disposition in accordance with policy. *Id*. There is no evidence Plaintiff has filed an appeal to the Southeast Regional Office or the Central Office on this issue. Therefore, the undersigned recommends, as an alternative to dismissing Plaintiff's complaint for failure to prosecute,

that Defendants' motion to dismiss/for summary judgment be granted for Plaintiff's failure to exhaust administrative remedies.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

November 16, 2012
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).